**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-802-F |
| | ) |
| NATIONAL CARRIERS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is Defendant National Carriers, Inc.'s Motion for a More Definite Statement, filed September 8, 2006 (doc. no. 5). In response to defendant's motion, plaintiff, Anthony D. Johnson, proceeding *pro se*, has submitted copies of all documents which he asserts support his case. According to plaintiff, he gave copies of these copies to defendant's counsel's firm when he was trying to settle the matter out of court. Although plaintiff has responded to defendant's motion by submitting documents rather than formally responding to the motion with argument and case law which would support the denial of the motion, the court finds that no formal response is required. Upon review of the motion, the complaint and the record in this case, the court concludes that defendant's motion should be denied.

The first basis for defendant's motion is that plaintiff's complaint fails to establish jurisdiction of the court under either 28 U.S.C. § 1331 or § 1332. The court concludes, however, that the complaint together with the civil cover sheet establish the court's exercise of diversity of citizenship jurisdiction under 28 U.S.C. § 1332 (the matter in controversy exceeds $75,000 and is between citizens of different states). In the civil cover sheet, plaintiff states that he relies upon diversity of citizenship as the basis of jurisdiction. Plaintiff lists himself as a citizen of this state and defendant as

incorporated in another state. In the caption and at the end of his complaint, plaintiff lists his address as in Oklahoma City, Oklahoma, and, in the caption of the complaint, lists defendant's address in Liberal, Kansas. Defendant, in its motion, does not indicate that the parties are not citizens of different states. Although it is true that in his complaint, plaintiff does not make a demand for judgment for the relief he seeks as required by Fed. R. Civ. P. 8(a), he does state in the civil cover sheet that he demands $150,000. Clearly this amount is sufficient to satisfy the over $75,000 requirement of § 1332. The court finds it unnecessary to require plaintiff file an amended complaint simply to include the $150,000 demand in his allegations. This defect can be cured in the final pretrial order.

The second basis for defendant's motion is that plaintiff offers no facts to show that he is entitled to relief. Defendant contends that plaintiff alleges that it "committed an act of defamation" but does not describe the act such that defendant can respond. It also argues that while the complaint says that defendant made false statements concerning plaintiff's work record, it does not say what these false statements were, when they were made, to whom they were made, or where they were made. Defendant argues that factual allegations of what, when and where are material for purposes of testing the sufficiency of a complaint under Fed. R. Civ. P. 9(f) and are required to allow defendant to frame a response to plaintiff's complaint. The court finds that "Rule 9(f) does not require plaintiff to set out the specific allegations of time and place; it merely states the significance of these allegations when they are actually interposed." Magari, LLC v. Crane Co., 2004 WL 2750252, *11 (S.D. Ind. Sept. 29, 2004) (quotation omitted). The court therefore concludes that plaintiff need to set forth the circumstances surrounding the alleged defamation. *Id*. The court concludes that the complaint, although sparse, is sufficient to comply with Rule 8(a) and no more definite statement is required. Any details concerning the circumstances surrounding

the alleged defamation can be obtained through the documents supplied by plaintiff and the discovery process.

Accordingly, Defendant National Carriers, Inc.'s Motion for a More Definite Statement, filed September 8, 2006 (doc. no. 5), is **DENIED**.

Dated this 26th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0802p002(pub).wpd