**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-802-F |
| | ) |
| NATIONAL CARRIERS, INC., | ) |
| a Kansas Corporation, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is defendant, National Carriers, Inc.'s Motion to Dismiss or to Change Venue (doc. no. 12). By order dated October 13, 2006, the court gave notice to the parties that defendant's motion to dismiss would be treated as one for summary judgment and disposed of as provided for in Fed. R. Civ. P. 56. Having reviewed all the submissions of defendant and plaintiff in regard to the motion, the court makes now its determination.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the

undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

The relevant undisputed facts, viewed in a light most favorable to plaintiff, are as follows. In December of 2004, plaintiff entered into an Independent Contractor Agreement and Equipment Lease with defendant, wherein plaintiff agreed to transport freight for defendant. On February 14, 2005, plaintiff was dispatched on a three drop meat load trip, from Liberal, Kansas to Dallas, Waco and Houston, Texas. Upon arriving at the first drop in Dallas, plaintiff informed defendant that he had decided to quit and was going to return to Liberal. After discovering from satellite-based positioning equipment that plaintiff was headed north out of Dallas, defendant dispatched a team to meet plaintiff at a truck stop in Oklahoma City to reclaim the load.

On March 24, 2005, defendant submitted data to USIS' DAC Services in regard to plaintiff's work history. Plaintiff's "Work Record" was reported by defendant as "Unauthorized Location - W/O Notice." In a letter dated May 23, 2005, the Consumer Consulting Department for USIS provided plaintiff with a copy of the data which had been submitted by defendant to USIS on March 24, 2005. Plaintiff contacted USIS on June 3, 2005 and disputed defendant's entry of "Unauthorized Location - W/O Notice." USIS conducted an investigation into the dispute. In a letter dated June 27, 2005, the Consumer Consulting Department advised plaintiff that the investigation had been completed and enclosed plaintiff's current file. The current file reflected plaintiff's "Work Record" as "Unauthorized Equipment Use." In a letter dated January 16, 2006, the Consumer Consulting Department advised plaintiff of the

definitions of "Unauthorized Location - w/o notice" and "Unauthorized Equipment Use." The letter defined the terms as follows:

> Unauthorized Location - w/o notice: Left truck and/or cargo at a location unauthorized by the company. Driver did not notify the company of termination.
>
> Unauthorized Equipment Use - Deviated from route or used equipment for purposes not specified by company. (Not intended to be used when the driver has resigned/quit or terminated lease and returned equipment to the nearest company terminal or a location authorized by the company.)

*See*, Letter dated January 16, 2006 from Lynn Miller, Lead, Consumer Consulting Department (doc. no. 9, ex. 1). Plaintiff disputed the "Unauthorized Equipment Use" entry in the file. Plaintiff submitted a statement to USIS' DAC Services that was entered in his file on March 1, 2006. A copy of plaintiff's employment record with USIS' DAC Services as of April 4, 2006 shows plaintiff's statement and states that "Employment History Verification Pending." On April 13, 2006, the USIS' Consumer Consulting Department advised plaintiff that an investigation of the entry had been completed and enclosed the current file. The file did not contain any "Work Record" entry.

On April 20 2005, plaintiff signed a Request for Information from Previous Employers form authorizing defendant to release certain information to Dynamic Transportation, Inc. The form was sent to defendant for completion, and on May 2, 2005, defendant faxed the completed form to Dynamic Transportation, Inc. In the "Any other remarks or comments" portion of the form, defendant stated "Rehire No Abandon[ed] Meat Load." According to plaintiff, Dynamic Transportation, Inc. notified him that same day that it would not hire plaintiff due to defendant's statement.

On July 26, 2006, plaintiff, acting *pro se*, filed his complaint against defendant. Plaintiff alleges that defendant defamed him.[1] Plaintiff specifically claims that defendant's statements to USIS' DAC Services of plaintiff's "Work Record" as "Unauthorized Location - W/O Notice" and "Unauthorized Equipment Use" were false. Plaintiff also contends that defendant's statement to Dynamic Transportation, Inc. that plaintiff "Abandon[ed] Meat Load" was false. Plaintiff seeks compensatory damages against defendant in the amount of $150,000.

In its motion, defendant contends that plaintiff's defamation action is barred by the statute of limitations. Defendant asserts that the Independent Contractor Agreement and Equipment Lease requires the application of Kansas law to this case. Under Kansas law, a defamation action must be brought within one year. *See*, K.S.A. 60-514(a). Even if the court were to apply Oklahoma law, the law of the forum, defendant asserts that a one-year statute of limitations also applies to plaintiff's action. *See*, 12 Okl.St.Ann. § 95(A)(4). Defendant contends that plaintiff's action was not filed within one year of the statements he claims to be defamatory. According to defendant, plaintiff admits that he knew of the "Abandon[ed] Meat Load" statement on May 2, 2005, when he received the call from Dynamic Transportation, Inc., the "Unauthorized Location -W/O Notice" statement on June 3, 2005, when he contacted USIS to dispute the statement and the "Unauthorized Equipment Use" statement, when he received his file from USIS on June 27, 2005. For all statements to be actionable, defendant contends that plaintiff's complaint had to have been filed on or before May 2, 2006. For the last statement, "Unauthorized Equipment Use" to be actionable, plaintiff's complaint had to have been filed on or before June 27, 2006.

---

[1] In its motion, defendant asserts that plaintiff has alleged a claim for employment discrimination and seeks summary judgment on that claim. It is clear from plaintiff's complaint and filings in regard to the motion that he is not alleging an employment discrimination claim. The court therefore need not address any such claim.

Because plaintiff's complaint was not filed until July 26, 2006, defendant contends that it is entitled to summary judgment on the defamation claims.

Plaintiff, in response, asserts that defendant's defamatory acts started on March 24, 2006 and continued until April of 2006. Plaintiff states that defendant refused to respond to the USIS' DAC Services' request in March of 2006 to verify the "Unauthorized Equipment Use" entry. In addition, plaintiff states that he consulted with an attorney but did not have the money to hire him. Plaintiff asserts that he was unaware of any time limitations. Further, plaintiff contends that he suffered an on-the-job injury to his left knee, for which he received treatment from March 2, 2005 to April 8, 2005. According to plaintiff, it took almost five months for defendant to agree to compensate him and cover the cost of his physical therapy treatment. If not for this delay, plaintiff contends that he would have learned of the proper procedures and filed his action with the court much earlier.

Initially, the court rejects defendant's argument that Kansas law applies to this action. Although the Independent Contractor Agreement and Equipment Lease provides that the agreement is to be governed in accordance with Kansas law, plaintiff's defamation action does involve the agreement or any conduct occurring while the agreement was in force. The alleged wrongful conduct by defendant occurred after the agreement had been terminated by plaintiff. Because the sole basis for defendant's application of Kansas law is the agreement itself, the court concludes that Kansas law does not apply. The court shall therefore apply Oklahoma law.[2]

The limitations period for a defamation action is set out in 12 Okl.St.Ann. § 95(A)(4), which provides in pertinent part:

---

[2]The court recognizes that, as in Oklahoma, the limitations period for a defamation action in Kansas is one year. *See*, K.S.A. 60-514(a).

> A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . .
>
> 4. Within one (1) year: An action for libel, slander . . .

An action accrues when a litigant can first maintain an action to successful conclusion. <u>Digital Design Group , Inc. v. Information Builders, Inc.</u>, 24 P.3d 834, 839 (Okla. 2001). Generally, a defamation action, based upon libel, accrues on the date of publication. *Id*. The Oklahoma Supreme Court has, however, concluded that the discovery rule will apply in libel actions where the publication is likely to be concealed from plaintiff or is published in secretive manner that would make it unlikely to come to plaintiff's attention. *Id*. at 840-841. Under the discovery rule, the limitation period is tolled until the plaintiff knows or, in the exercise of reasonable diligence, should have known of his injury. *Id*. at 839.

Assuming without deciding that the discovery rule would apply, the court concludes that plaintiff's defamation action is time-barred. The papers before the court establish that plaintiff knew of defendant's "Abandon[ed] Meat Load" statement to Dynamic Transportation, Inc. on May 2, 2005, when the company called plaintiff to notify him of the statement and that it would not hire plaintiff due to the statement. As to the "Unauthorized Statement - W/O Notice" statement, the papers also establish that plaintiff knew of that statement when he contacted USIS' DAC Services on June 3, 2005 to dispute the statement. Clearly, plaintiff's defamation action based upon these statements accrued more than one year prior to the filing of the July 26, 2006 complaint.

In regard to the "Unauthorized Equipment Use" statement, the papers before the court demonstrate that plaintiff knew of the statement more than one year prior to the filing of the July 26, 2006 complaint. Indeed, the Consumer Consulting Department

for USIS sent a letter to plaintiff dated June 27, 2005, enclosing a copy of plaintiff's employment record which contained the statement. Plaintiff knew, upon receipt of the letter, of defendant's alleged false statement. The court rejects plaintiff's argument that the defamation continued until April of 2006 because of defendant's refusal to respond to USIS' DAC Services request in March of 2006 to verify the statement. Defendant's failure to correct the alleged false statement did not affect the previous accrual of plaintiff's claim. Plaintiff knew (or with reasonable diligence should have known) of the alleged false statement upon receipt of the June 27, 2005 letter. The limitations period began to run at that time. Therefore, plaintiff's action, based upon that statement, accrued more than one year prior to the filing of the July 26, 2006 complaint.

In his papers, plaintiff suggests that the one- year limitations period should be tolled on the basis that he was unaware of any time limitations. In Oklahoma, "[e]xceptions to statute of limitations are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995). Further, "it is well-established that ignorance of the law . . . . generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). In light of these rules, the court concludes that plaintiff's ignorance of the law is not a ground for tolling the one-year statute of limitations. *Accord*, McCoy v. Damron, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001)(plaintiff's ignorance of law is not grounds to toll statute of limitations under Oklahoma law).[3]

To the extent plaintiff suggests that the one-year limitations period should be tolled for the time period during which he was pursuing compensation from defendant for his work-related injury, the court finds such suggestion to be without merit. As

---

[3]The unpublished decision is cited as persuasive pursuant to 10th Cir. R. 36.3.

stated, exceptions to statute of limitations are strictly construed. Moreover, the fact that plaintiff was engaged in obtaining compensation from defendant for a work-related injury would not have precluded plaintiff from learning the procedures and filing suit within the one-year limitations period.

Because the papers before the court establish that plaintiff's defamation action against defendant is barred by the applicable one-year statute of limitations, the court finds that defendant is entitled to judgment as a matter of law.

In light of the court's ruling that judgment in favor of defendant on plaintiff's defamation action is proper, the court need not address defendant's alternative motion seeking to transfer venue. That motion is now moot.

Accordingly, defendant, National Carriers, Inc.'s Motion to Dismiss, construed as a Motion for Summary Judgment (doc. no. 12), is **GRANTED**. The alternative Motion to Change Venue (doc. no. 12) is **DENIED** as **MOOT**. Judgment shall issue forthwith.

Dated this 13th day of November, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0802p006(pub).wpd